[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION (DOCKET ENTRY NO. 109) AND MOTION TO REARGUE (DOCKET ENTRY NO. 111)
There are two motions pending before this court. Both motions were filed by Hanna. One is Hanna's motion for articulation of this court's order dated July 31, 2000 in which the court granted Pineda's summary judgment motion. The other is Hanna's motion to reargue Pineda's summary judgment motion. Both the motion for articulation and the motion to reargue raise the issue of whether, pursuant to the doctrine of collateral estoppel, the court should grant interlocutory summary judgment because the issue of liability was previously litigated.
The motions before the court in this action also concern another legal action, which was consolidated with this action and stems from the same motor vehicle accident that underlies this action. The following relevant facts pertain to both actions: Pineda was the operator of a motor vehicle, owned by Maria Gomes, that collided with a motor vehicle owned and operated by Hanna. The collision occurred on or about August 13, 1996 at the intersection of Madison and Lincoln Avenues in Bridgeport, Connecticut. Pineda was traveling southbound on Madison Avenue while Hanna was operating his vehicle west on Lincoln Avenue, where a stop sign controlling westbound traffic crossing Madison Avenue from Lincoln Avenue is located. Two separate legal actions were brought against Hanna for injuries and damages allegedly sustained in the accident. Gomes[1]
filed suit against Hanna for recovery of property damage to her vehicle (Gomes action), and Pineda filed a separate suit against Hanna for recovery of bodily injuries and damages Pineda allegedly sustained as a result of Hanna's negligent failure to keep a proper lookout for other motorists on the roadway (present action).
The procedural history of these two legal actions is relevant to this courts consideration of Hanna's motion to reargue. In Gomes' action against Henna, on September 22, 1997, this court, Melville, J., granted summary judgment in favor of Gomes as to the issue of liability only. Thereafter, Gomes filed a motion to add Pineda as a party plaintiff, which the court, Mottolese, J., denied on May 28, 1999. Subsequently, in the present action, Pineda motioned the court to consolidate this action with the Gomes action. The court, Rush, J., granted Pineda's motion to CT Page 14985-o consolidate on June 27, 2000. Thereafter, on July 12, 2000, Pineda filed a motion for interlocutory summary judgment accompanied by a supporting memorandum of law, the police accident report pertaining to the parties' accident, and the court orders of September 22, 1997 granting Gomes interlocutory summary judgment and of June 27, 2000 granting Pineda's motion to consolidate. In response to Pineda's summary judgment motion, on July 21, 2000, Hanna filed both a motion to reargue the motion to consolidate and a motion for extension of time seeking an extension of fifteen days, after such time as the court ruled on Hanna's motion to reargue the motion to consolidate, in which to respond to Pineda's summary judgment motion. In reply, on July 26, 2000, Pineda filed, an objection to Hanna's motion for extension of time. Despite the outstanding motion for extension of time, which had not yet been ruled upon by the court, Hanna filed, on July 31, 2000, an objection to the summary judgment motion accompanied by several exhibits, labeled A through J.[2] After hearing argument on the interlocutory summary judgment motion, this court orally granted Pineda's motion for summary judgment as to liability only on the ground that collateral estoppel applies in this action to bar relitigation of the issue of liability because that issue was previously determined in the Gomes action. Thereafter, on August 16, 2000, Hanna filed a motion for articulation of the basis for this court's ruling granting Pineda interlocutory summary judgment, a notice of intent to appeal the court's ruling granting the motion, and a motion to reargue the motion, along with the transcript from the court's hearing on Gomes' motion for interlocutory summary judgment. In opposition to the foregoing, on August 17, 2000, Pineda filed an objection to Hanna's motion to reargue, to which Hanna filed a reply brief dated August 18, 2000.
Collateral estoppel refers to issue preclusion, which expresses no more than the fundamental principle that once a mater has been fully and fairly litigated, and finally decided, it comes to rest. Jackson v. R.C.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of res judicata. Id. Issue preclusion, on the other hand, prevents a party from relitigating an issue that has been determined in a prior suit. Id., 713. Collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties and may bar prosecution or argumentation of facts necessarily established in a prior proceeding.Nancy G. v. Dept. of Children and Families, 248 Conn. 672, 696,733 A.2d 136 (1999). For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also CT Page 14985-p must have been actually decided and the decision must have been necessary to the judgment. Id. An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. Id. An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. Id. In order for collateral estoppel to apply there must be an identity of issues, that is, the prior litigation must have resolved the same legal or factual issue that is present in the second litigation. Connecticut National Bank v. Rytman, 241 Conn. 24, 38,694 A.2d 1246 (1997). Collateral estoppel bars only issues that were actually litigated in the prior action. See id., 43-44. Collateral estoppel may be invoked against a party in a prior action or against a person in privity with that party. Mazziotti v. Allstate Ins. Co.,240 Conn. 799, 813, 695 A.2d 1010 (1997). The Mazziotti court defined and analyzed privity further as follows:
 Privity . . . is a matter of substance. In determining whether privity exists, we employ an analysis that focuses on the functional relationships of the parties. Privity is not established by the mere fact that persons may be interested in the same question or in proving or disproving the same set of facts. Rather, it is, in essence, a shorthand statement for the principle that collateral estoppel should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 813-14 (1997).
Thus, the essential consideration in collateral estoppel cases and the basic requirement of privity is that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of collateral estoppel is not inequitable. Id., 818. Furthermore, a key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity. This is to ensure that the interests of the party against whom collateral estoppel is being asserted have been adequately represented because of his purported privity with a party at the initial proceeding. Id., 813. Circumstances may exist in which lack of mutuality would render application of collateral estoppel unfair. Id. This view is reflected in the Restatement (Second) of Judgments, which includes the mutuality rule within the general rule describing collateral estoppel; 1 Restatement (Second) supra, § 27. The Restatement also includes a section that describes a rule of nonmutuality and sets forth a number of factors to be CT Page 14985-q considered in determining whether to follow the nonmutuality rule. 1 Restatement (Second), supra, 29. See also, Labbe v. Pension Commission,239 Conn. 168, 186-87, 643 A.2d 1268 (1994). Labbe enunciates these factors as follows:
 Section 29 of the Restatement (Second) of Judgments (1982), provides: Issue preclusion in subsequent litigation with others. A party precluded from litigating an issue with an opposing party, in accordance with §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether: (1) Treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved; (2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined; (3) The person to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary; (4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue; (5) The prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or apparently was based on a compromise verdict or finding; (6) Treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto; (7) The issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based; (8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue." (Internal quotation marks CT Page 14985-r omitted.) Id., 187 n. 10.
Whenever collateral estoppel is asserted, but especially in those cases where there is a lack of mutuality or the doctrine of privity is raised, the court must make certain that there was a full and fair opportunity to litigate. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 306,596 A.2d 414 (1991). The requirement of full and fair litigation ensures fairness, which is a "crowning consideration" in collateral estoppel cases. Id. In discussing what constitutes "full and fair litigation" for the purposes of collateral estoppel, our Supreme Court has stated that if the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have had a full and fair opportunity to litigate. Connecticut Natural Gas Corp. v. Miller,239 Conn. 313, 324, 684 A.2d 1173 (1996).
Although mutuality of parties is no longer required to invoke collateral estoppel; Aetna Casualty Surety Co. v. Jones, supra,220 Conn. 300; and the adversaries in the second action need not have been party adversaries in the first action, the new party must to some extent share the same legal rights as a party in the original suit.Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 713 n. 3.
In the motion to reargue the interlocutory summary judgment motion, Hanna contends that this court's order granting summary judgment in favor of Pineda on the basis of collateral estoppel was erroneous. In essence, Hanna argues that the doctrine of collateral estoppel does not apply in the present action because the issue of liability was never litigated in the Gomes action. Hanna claims that the court's decision granting summary judgment as to liability only in the Gomes action was not a decision on the merits because the issue of liability was never litigated and, therefore, the summary judgment finding in the Gomes action cannot be used as a basis for granting summary judgment in this action. After further review, this court must agree with this position.
This court is now satisfied that the necessary requirements for application of the doctrine of collateral estoppel do not exist in the present action for the following reasons. First, the issue of Hanna's liability was not "actually litigated" or "necessarily determined" on the merits in the Gomes action. The factual issues regarding the issue of liability that Hanna averred to in the affidavit he submitted in opposition to summary judgment in this action were not litigated in the Gomes action, because Hanna submitted an unsigned affidavit[3] in that action, which the court refused to consider.[4] If it appears from the affidavits of a party opposing the motion that such party cannot, for CT Page 14985-s reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just. Practice Book § 17-47. Rather, the court's decision granting interlocutory summary judgment in the Gomes action was based on an uncertified police accident report and an affidavit from the driver of the Gomes vehicle who was not a party to that action. The court did not make a finding that the police accident report met the requirements for the admissibility of business records under General Statutes § 52-180.[5] Consequently, the court could not properly consider the police accident report when rendering summary judgment).[5]
Another reason that collateral estoppel does not apply in the present case is that Hanna did not have an adequate opportunity to litigate the issue of his liability in the Gomes action. Specifically, Hanna was precluded from raising the contributory negligence of the driver of the Gomes vehicle as a special defense against Gomes because the court ordered Hanna's special defense of contributory negligence stricken. In addition, the court denied Gomes' motion to add Pineda as a party plaintiff, and thus prevented Hanna from asserting Pineda's contributory negligence as a special defense against Gomes and thereby prevented full litigation of the issue of his liability.[6] Furthermore, a full identity of issues does not exist between the Gomes action and this action. The Gomes action involved only the issue of Hanna's liability for property damage. This action involves issues of Hanna's liability for bodily injuries as well as factual issues regarding special defenses that were not raised in the Gomes action. Consequently, the Gomes action did not resolve the same legal or factual issues that are present in this action. Furthermore, Hanna did not have the opportunity to represent himself fully in the Gomes action because he was precluded from asserting special defenses in that action that he may assert in this action. Application of collateral estoppel in this action therefore would be inequitable.
A third reason that collateral estoppel does not apply in this action is that the factors for determining whether to follow the nonmutuality rule do not support application of collateral estoppel in this action. Procedural opportunities for asserting special defenses relating to liability exist in this action that were not available to him in the Gomes action and these opportunities could result in the issue of liability being decided differently on the summary judgment motion in this action. More specifically, Hanna raises a statute of limitations defense in this action that was not available to him in the Gomes CT Page 14985-t action. Henna contends that the statute of limitations for this action has run regardless of the fact that this action was filed pursuant to the accidental failure of suit statute, General Statutes § 52-592a, because Pineda filed this action on May 30, 2000, for injuries and damages he allegedly sustained in an accident that occurred on August 13, 1996. Also, if the court were to consider Henna's signed affidavit in which he avers to facts that raise issues as to the cause of the accident, then the issue before the court would involve a question of fact that is not susceptible to summary adjudication. Abrahams v. Young,and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997).
In the present case, this court is not considering issues identical to those raised in the Gomes action. Rather, this court is also considering issues concerning contributory negligence and statute of limitations defenses. For the foregoing reasons, this court now concludes the doctrine of collateral estoppel does not apply to the present case. Accordingly, this court hereby GRANTS defendant's motion to reargue. The court finds, further, that the plaintiff's motion for summary judgment was improvidently granted end therefore vacates that order and herebyDENIES plaintiff's motion for summary judgment.
MELVILLE, J.